**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-62052-CIV-ALTONGA/STRAUSS**

DENNIS SCOTT,

    Plaintiff,

vs.

PAYCHEX INSURANCE AGENCY, INC.

    Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, DENNIS SCOTT ("Plaintiff"), sues Defendant, PAYCHEX INSURANCE AGENCY, INC. ("Defendant"), and alleges:

### JURISDICTION, PARTIES, & VENUE

1. This is an action for damages in excess of $75,000.00, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff is an individual who resides in Florida.

3. Defendant is a foreign corporation that is registered to do business in the state of Florida and does conduct business in the State of Florida.

4. As set forth below, the Defendant:

    a. conducted business or a business venture in Florida;

    b. committed a tortious act in Florida;

    c. caused injury to persons within Florida arising out of an act or omission outside this state, while being engaged in solicitation or service activities within Florida;

    d. engaged in substantial and not isolated activities within Florida.

5. Venue is proper in the Southern District of Florida because Defendant has an agent or other representative located here.

**GENERAL ALLEGATIONS**

A. **Overview of the Project and Plaintiff's Confirmation of Appropriate Insurance.**

6. In the spring of 2018, James A. Jones d/b/a James A. Jones Construction Company ("Jones") was retained to serve as the general contractor on a residential remodeling project on Unity Tree Drive in the City of Edgewater, Florida that was to occur in March and early April of 2018 (the "Project").

7. As a general contractor without any of his own employees, Jones did not carry his own worker's compensation insurance. Instead, consistent with Florida law, Jones was only required to confirm that each of his subcontractors carried their own worker's compensation as a condition of being retained to work on the Project.

8. To that end, Jones requested that potential subcontractors, including Central Florida Siding Pros, LLC ("CFSP") and its insurance partners, provide evidence of worker's compensation.

9. On February 6, 2018, Defendant issued a certificate of insurance ("COI") for CFSP to Jones representing that CFSP had worker's compensation insurance with NorGuard Insurance Company ("Norguard") through a policy with an effective date of April 29, 2017 and an expiration date of April 29, 2018.

10. Jones relied on the COI issued by Defendant and subcontracted with CFSP to install exterior siding on the residence. CFSP hired Plaintiff to work on the Project.

11. Unbeknownst to Jones, the COI was false and did not convey an accurate picture of CFSP's insurance situation. On January 23, 2018, Paychex had notified NorGuard of CFSP's failure to run payroll and pay premium, prompting NorGuard to issue a notice of cancellation the following day, January 24, 2018, with an effective date of February 10, 2018.

12. Despite Defendant being fully aware that CFSP's insurance had been cancelled and would be null in a few days – long before the Project was to be constructed – it sent Jones the COI indicating the opposite, that CFSP had insurance coverage and that the coverage would be in place until the end of April 2019.

13. Simply put, Defendant misrepresented the status of the insurance policy on the date that the COI was furnished to Jones.[1]

14. In reliance on Defendant's representations and the COI, Jones retained CFSP and allowed CFSP and its employees to work on the Project. Had Defendant made fully accurate disclosures about CFSP's insurance situation, Jones would not have retained CFSP and would not have allowed CFSP or its employees to work on the Project.

**B.    Plaintiff Loses His Leg in a Tragic Accident on the Project.**

15. Plaintiff began working on the Project on April 14, 2022.

16. A few days later, Plaintiff was installing exterior siding on a house, when he fell from a walk board. He sustained severe injuries to his body, including his left ankle, which ultimately resulted in a below-the-knee amputation of his left leg.

17. Due to the fall and injuries, Plaintiff was disabled, required extensive medical care, and suffered significant pain and suffering.

**C.    The Underlying Worker's Compensation Proceeding.**

18. Plaintiff filed a petition for worker's compensation benefits on March 4, 2019, against Jones and others.

19. A final hearing was held on January 14, 2020, limited to the issues of employer/employee relationship and worker's compensation insurance coverage.

---

[1] As such, this case is vastly different from the more typical situation, where an insurance agent issues a COI that is *valid upon delivery*, but *cancelled at a later date*.

20. The Judge of Compensation Claims ruled that, among other things, there was: (a) no worker's compensation coverage available; (b) Jones was Plaintiff's statutory employer when the accident occurred; (c) Jones was therefore responsible for providing worker's compensation benefits to Plaintiff; and (d) because an injury occurred within the scope and course of employment, Plaintiff is entitled to receive causally related benefits in some amount, and determination of the exact nature and amount of benefits due will require substantial expense and time.

21. The amount of benefits that Jones was responsible for (that Plaintiff is now entitled to) was determined to be $1,500,000, which represented a current, present value, lump-sum compromise, plus attorneys' fees in the amount of $350,000 (together, the "Benefits").

22. The Benefits were approved by the Judge of Compensation Claims and Jones was ordered to comply with providing those benefits to Plaintiff.

23. Due to Defendant's actions and inactions, Jones has suffered significant damages, including liability for the Benefits.

24. Subsequently, Jones and Plaintiff entered into a settlement agreement and assignment of claims (the "Assignment"). Pursuant to the Assignment, Plaintiff acquired all claims, rights, causes of action, or choses in action that Jones had against Defendant, among other things.

25. All conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused by Defendants' actions.

## COUNT I
### Fraudulent Misrepresentation

26. Plaintiff incorporates and realleges the allegations set forth above in Paragraphs 1 through 25.

27. This is a cause of action brought by Plaintiff, as assignee of Jones' rights, claims, causes of action, and choses of action, against Defendant for fraudulent misrepresentation.

28. As explained in detail above, when furnishing insurance information to Jones, Defendant made a misrepresentation of material fact.

29. At the time of furnishing the insurance information, Defendant knew or should have known that it was false. Alternatively, Defendant provided the insurance information knowing that it did not know whether it was true or false.

30. Defendant intended that Jones would rely on the information provided.

31. Jones relied on Defendant's false statements.

32. Jones was justified in relying on Defendant's false statements, even though an investigation might have revealed the falsity of the insurance information provided.

33. As a direct and proximate result of Defendant's false statements, Jones suffered damages.

34. Jones assigned his rights, claims, causes of action, and choses of action, against Defendant to Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including costs, interest, and any further relief the Court deems just and proper.

## COUNT II
### Negligent Misrepresentation

35. Plaintiff incorporates and realleges the allegations set forth above in Paragraphs 1 through 25.

36. This is a cause of action brought by Plaintiff, as assignee of Jones' rights, claims, causes of action, and choses of action, against Defendant for negligent misrepresentation.

37. As explained in detail above, Defendant made a statement concerning a material fact regarding CFSP's insurance status, which it believed to be true, but which was in fact false.

38. Defendant was negligent in making the statement because it should have known the statement was false.

39. Defendant intended or expected that Jones would rely on the statement.

40. Jones justifiably relied on Defendant's false statement.

41. As a direct and proximate result of Defendant's false statement, Jones suffered damages.

42. Jones assigned his rights, claims, causes of action, and choses of action, against Defendant to Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including costs, interest, and any further relief the Court deems just and proper.

## COUNT III
### Negligence

43. Plaintiff incorporates and realleges the allegations set forth above in Paragraphs 1 through 25.

44. This is a cause of action brought by Plaintiff, as assignee of Jones' rights, claims, causes of action, and choses of action, against Defendant for negligence.

45. When furnishing insurance information to Jones, Defendant had a duty and obligation, to provide fully accurate information and to be reasonably careful.

46. Defendant breached its duty by furnishing insurance information that was inaccurate and misleading, and otherwise failing to be reasonably careful.

47. As a direct and proximate result of Defendant's breaches of its duty, Jones suffered damages.

48. Jones assigned his rights, claims, causes of action, and choses of action, against Defendant to Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including costs, interest, and any further relief the Court deems just and proper.

## COUNT IV
### Information Negligently Supplied for the Guidance of Others

49. Plaintiff incorporates and realleges the allegations set forth above in Paragraphs 1 through 25.

50. This is a cause of action brought by Plaintiff, as assignee of Jones' rights, claims, causes of action, and choses of action, against Defendant for negligently supplying information for the guidance of others.

51. As set forth above, in the course of its business, Defendant negligently supplied materially false and misleading information for the guidance of Jones in its business transactions.

52. Defendant was negligent in supplying this materially false and misleading information because it knew or should have known that the insurance information was incorrect, misleading, and contained errors.

53. Jones is a person or one of a limited group of persons for whose benefit and guidance Defendant intended to supply the information described above.

54. Jones justifiably relied on the Defendant's materially false and misleading information to make one or more business decisions.

55. If Jones had been properly made aware of CFSP's true insurance status rather than relying upon Defendant's materially false and misleading information, then Jones would have taken one or more actions to protect itself.

56. By justifiably relying upon the materially false and misleading information, supplied by Defendant, Jones suffered significant damages, including being liable for the Benefits.

57. As explained above, Jones losses were suffered through justifiable reliance upon Defendant's materially false and misleading information in transactions that Defendant intended to influence or knew it would influence, or in substantially similar transactions.

58. Jones assigned his rights, claims, causes of action, and choses of action, against Defendant to Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including costs, interest, and any further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues so triable.

Dated: December 12, 2022

**MORGAN & MORGAN, P.A.**
**Business Trial Group**

*s/ Roger C. Brown*
**Roger C. Brown**
Florida Bar No. 43404
**Corey A. Gross**
Florida Bar No. 1032362
1700 Palm Beach Lakes Blvd., Suite 500
West Palm Beach, Florida 33401
Telephone: (561) 227-5858
Facsimile: (561) 227-5859
RBrown@forthepeople.com
CoreyGross@forthepeople.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send electronic copies of same to all counsel of record.

## SERVICE LIST

COLE, SCOTT & KISSANE, P.A.
Craig Minko, Esq.
W. Taylor Loe, Esq.
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone: (954) 703-3708
craig.minko@csklegal.com
wtaylor.loe@csklegal.com
melissa.botero@csklegal.com