## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CV-62052-ALTONAGA/STRAUSS

**DENNIS SCOTT,**

      Plaintiff,

v.

**PAYCHEX INSURANCE AGENCY, INC.,**

      Defendant.

_____/

### ORDER DENYING PLAINTIFF'S REQUEST FOR DISCOVERY HEARING AND ORDER COMPELLING COMPLIANCE WITH SUBPOENAS[1]

**THIS MATTER** came before the Court upon Plaintiff's Notice of Complete Failure to Respond to Discovery (the "Notice") [DE 53].  In the Notice, Plaintiff states that two non-parties – NorGuard Insurance Company ("NorGuard") and Central Florida Siding Pros, LLC ("CFSP") – were required to respond to document subpoenas by April 9, 2023, but failed to do so.  Therefore, Plaintiff provides available dates for a hearing and seeks an order compelling the non-parties' compliance with the subpoenas.

However, the Notice was filed in contravention of the Amended Discovery Procedures Order ("DPO") [DE 44].  The procedure that Plaintiff has followed in filing the Notice is limited to disputes *between the parties*.  When a discovery dispute involving a non-party arises, however, the DPO provides for the filing of a motion.  *See* [DE 44] at 5 n.3.  Because the Notice is improper under the circumstances, Plaintiff's request for a discovery hearing and an order compelling compliance with the subpoenas at issue is **DENIED without prejudice**.

_____

[1] All discovery matters have been referred to me pursuant to 28 U.S.C. § 636 [DE 11].

Although Plaintiff's request is denied (without prejudice) for the foregoing reason, the Court also notes that before filing motions in this case to compel the non-parties' compliance with the subpoenas served upon them, Plaintiff should consider whether it must file such motions in other districts. "Rule 45 consistently, through numerous sections of the Rule, requires any motions or applications related to a subpoena be brought in the district where compliance is required." *Sec. & Exch. Comm'n v. TCA Fund Mgmt. Grp. Corp.*, No. 20-21964-CIV, 2021 WL 9440378, at *1 (S.D. Fla. June 10, 2021) (Altonaga, J.) (citation omitted); *see also Broidy Cap. Mgmt., LLC v. Muzin*, No. 22-MC-20786, 2022 WL 3356588, at *1 (S.D. Fla. Aug. 15, 2022); *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021); Fed. R. Civ. P. 45(d), (f), (g). "The issuing court lacks jurisdiction to enforce a subpoena if compliance will occur in another district." *TCA Fund Mgmt. Grp.*, 2021 WL 9440378, at *1 (citation omitted). Significantly, a subpoena commanding the production of documents must provide a place of compliance "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). "[T]he district of compliance for a nonparty corporation is typically where the corporation is headquartered." *TCA Fund Mgmt. Grp.*, 2021 WL 9440378, at *1 (citations omitted).

While the subpoenas at issue here were not filed with the Notice, Plaintiff previously filed returns of service indicating that the NorGuard subpoena was served in Pennsylvania and that the CFSP subpoena was served in Sanford, Florida (which is located in the Middle District of Florida). *See* [DE 49-3]. Notably, Sunbiz.org indicates that both the principal and mailing addresses for NorGuard and CFSP are in the respective cities in which they were served. Thus, if NorGuard and CFSP are in fact headquartered in those cities, Plaintiff would need to file its motions to compel compliance in the districts in which those cities are located.

2

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 12th day of April 2023.

Jared M. Strauss
United States Magistrate Judge