UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62052-ALTONAGA/STRAUSS

DENNIS SCOTT,

    Plaintiff,

v.

PAYCHEX INSURANCE AGENCY, INC.,

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR EXTENSION
OF TIME TO TAKE TWO REMAINING DEPOSITIONS &
MOTION TO COMPEL ATTENDANCE OF NON-PARTY NOBLES AT DEPOSITION**

Plaintiff, DENNIS SCOTT, (the "Plaintiff") by and through undersigned counsel, hereby moves this Honorable Court for an Order Approving an Extension of Time to Take Two Remaining Depositions, and for an Order Compelling the Attendance of NAS at Deposition, and in support states:

**A.**     **Procedural History**

    1.     The discovery deadline in this case was on May 22, 2023. [DE 59.]

    2.     On May 16, 2023, before the deadline, counsel for both parties agreed in writing to extend that deadline for 30 days to resolve procedural issues concerning securing the attendance of two remaining witnesses.[1] Thereafter, the parties agreed that they would select mutually agreeable dates to take the depositions. [**Exhibit A**, 5/16/2023 Email Agreement.]

---

[1] The witnesses are NorGuard Insurance Company ("NorGuard") and Timothy Nobles ("Nobles"), the owner of Nobles American Services, Inc. ("NAS"), an alleged subcontractor on the project.

1

3. On May 17, 2023, although apparently it was not necessary, Plaintiff filed an *Unopposed Motion for Extension of Time to Take Two Remaining Depositions* ("Unopposed Motion"). [DE 70.]

4. The Court denied the Unopposed Motion due to the neglect to also file a proposed order pursuant to Local Rule 7.1. However, the Court expressly stated that "**In any event, the Motion is unnecessary. Plaintiff is reminded that the discovery deadline may be extended by agreement**." [DE 71.] Therefore, based on the Court's Order and the parties' written agreement, Plaintiff did not bother to re-file the Unopposed Motion.

**B.   Defendant is Now Refusing to Honor the Parties' Discovery Agreement**

5. Unfortunately, Defendant is now acting in bad faith. Since filing the Unopposed Motion, Plaintiff rescheduled the deposition of Nobles to occur on May 31, 2023, continuing efforts to serve him in the meantime. However, Nobles is actively avoiding service (as explained below). When Plaintiff contacted Defendant to explain the deposition could not proceed on May 31, 2023, and to advise that the deposition would need to be rescheduled after seeking an Order from this Court, Defendant refused, despite there still being three weeks left to conduct the deposition per the parties' agreement. [**Exhibit B**.]

6. When Plaintiff reminded Defendant of the parties' agreement, Defendant incomprehensibly denied that there was any agreement at all. [Id.]

7. When Plaintiff forwarded a copy of the Email Agreement to Defendant as a reminder (as also clearly set forth in the Unopposed Motion), Defendant then proceeded to unscrupulously debate the issue, attempting to twist its meaning, despite the crystal-clear nature of the agreement. Put simply, Defendant is attempting to turn a blind eye to the parties' agreement on the 30-day extension, despite the fact that it is well-documented, forcing Plaintiff to file this Motion.

8. Defendant also appears to have a bad faith motive for this sudden change in heart. On May 26, 2023, *after the discovery deadline*, Defendant attempted to produce additional documents that it "just received," including payroll records and various other documents concerning Nobles / NAS.[2]  When Plaintiff questioned how this was possible – in light of the fact that Nobles / NAS did not respond to subpoenas for documents - Defendant admitted that the documents were not "just received," but instead have been in the possession of Defendant for the duration of this lawsuit. [**Exhibit C**.]

9. Defendant obviously knew it would rely on these documents at an earlier date, as Defendant added **nine (9) new affirmative defenses,** on May 5, 2023, related to Nobles (and otherwise arguing that CFSP was not the subcontractor on the project).  [*See* DE 69, at ¶¶ 15, 16, 17, 23, 24, 25, 26, 27, 28.]  Defendant never previously asserted these defenses.  Put simply, Defendant added several last-minute affirmative defenses, failed to disclose relevant documents until after the discovery period ended, and now is attempting to unwind its previous agreement related to taking Nobles' deposition.  Under the circumstances, this is clearly prejudicial to Plaintiff.  Below, Plaintiff will briefly address the need for the two remaining depositions.

**C.**     **The Deposition of NorGuard**

10. The parties originally scheduled the Zoom deposition of NorGuard for April 20, 2023.  However, when NorGuard did not appear, the parties rescheduled NorGuard's Zoom deposition for May 8, 2023.  Service was effected on May 3, 2023.

11. On May 5, 2023 - one business day before the re-scheduled deposition - counsel for NorGuard contacted the parties via email stating that the witness would not appear for the deposition.  NorGuard argued, incorrectly, that the parties could not compel a Zoom deposition of its corporate representative more than 100 miles from its corporate office in Pennsylvania.  For

---

[2] Plaintiff did not actually receive the documents until May 31, 2023.

support, NorGuard relied on inapposite and outdated case law, which basically holds that a non-party cannot be compelled to *physically attend trial* if it is more than 100 miles from its principal place of business.[3]

12. However, more modern cases state that a non-party can be compelled to *virtually attend a Zoom deposition* from their principal place of business, even if the action is pending more than 100 miles from the deposition location. *United States v. $110,000 in United States Currency*, 2021 WL 2376019 at *3 (N.D. Ill. June 10, 2021); *Int'l Seaway Trading Corp. v. Target Corp.*, 2021 WL 672990, at *5 (D. Minn. Feb. 22, 2021), appeal dismissed, 21-2036, 2021 WL 5365242 (8th Cir. June 30, 2021).

13. On May 11, 2023, after conferring with Pennsylvania counsel, Plaintiff filed a *Motion to Enforce Compliance with the Subpoena for Deposition* in the Middle District of Pennsylvania. However, for reasons that are unclear, the Pennsylvania court has not yet ruled on the Motion.

14. As the insurance carrier that cancelled the policy reflected in the COI in this matter, Plaintiff needs to secure NorGuard's deposition testimony in this matter because Plaintiff will <u>not</u> be able to compel NorGuard to appear at trial.

**D.    The Deposition of Nobles**

15. The parties scheduled the deposition of Nobles for May 16, 2023. However, despite numerous attempts to serve Nobles, it would appear that he is avoiding service. At least seven (7) attempts were made, but nobody will answer the door, despite it being obvious that people were at the residence. On some occasions, his personal vehicle was also identified in the driveway. **[Exhibit D**.]

---

[3] *See, Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719 (E.D. Wis., May 27, 2008); *Brannen v. AMTRAK*, 403 F. Supp. 2d 89 (D.D.C. 2005); *and Dolezal v. Fritch*, 2009 U.S. Dist. LEXIS 26238, 2009 WL 764542 (D. Ariz., March 23, 2009).

16. Since filing the Unopposed Motion, continued attempts have been made to serve Nobles. However, the situation has escalated to the point of threats being made to the process server's safety. [**Exhibit E**.]

17. The import of taking Nobles deposition has only recently become known to Plaintiff. As noted above, Defendant added nine (9) new affirmative defenses related to Nobles on May 5, 2023. Defendant also produced records related to Nobles on May 31, 2023, which it obviously intends to use at trial, but which Plaintiff has not had the opportunity to conduct discovery on, despite its best efforts.

18. At this point, Plaintiff requests Court intervention for assistance in compelling Nobles' attendance, by issuing an Order requiring same, such that Plaintiff can serve and/or post the Order at this property. Based on the authority identified in footnote 3, *supra*, it is unclear whether Plaintiff needs to secure an Order from this Court, or from the Middle District, to compel his attendance at a Zoom deposition that is within 100 miles from his home located in central Florida.

E.  **Good Cause for an Extension**

19. Scheduling orders may be modified "on a showing of good cause." *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Modification of the scheduling order is appropriate where the schedule cannot be met, despite the diligence of the party seeking the extension. *Id*. For the foregoing reasons, Plaintiff has demonstrated good cause in this matter, based upon the non-parties refusal to cooperate, Plaintiff's continued efforts to secure their appearance, Defendant's bad faith attempt at rescinding the parties' prior agreement, Defendant's recent amendment of its affirmative defenses, and Defendant's production of relevant documentation after the discovery deadline.

5

20. In addition to the requests above, Plaintiff also requests the extension to serve and additional Request for Production on Defendant related to its new affirmative defenses, to ensure that Defendant is not withholding any more relevant documents, like those disclosed after the discovery deadline.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Honorable Court enter an Order:

(1) granting Plaintiff's Motion for Extension, for an additional 30 days to secure the depositions of NorGuard and Nobles, and such that Plaintiff can serve another Request for Production on Defendant related to its new affirmative defenses;

(2) requiring that Nobles contact undersigned counsel within ten (10) days for the purpose of scheduling his Zoom deposition, and requiring him to attend same within twenty (20) days thereafter, subject to the Court's power of contempt; and

(3) for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

On May 31, and June 1 and 2, 2023, undersigned counsel conferred with defense counsel in a good faith effort to resolve the issues raised in this Motion. However, Defendant will not agree to the relief sought in this Motion.

Dated: June 5, 2023

MORGAN & MORGAN, P.A.
Business Trial Group

*s/ Roger C. Brown*
Roger C. Brown
Florida Bar No. 43404
1700 Palm Beach Lakes Blvd., Suite 500
West Palm Beach, Florida 33401
Telephone: (561) 227-5858
Facsimile: (561) 227-5859
RBrown@forthepeople.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on June 5, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and electronically served the foregoing by Electronic Mail to all counsel of record.

*/s/ Roger C. Brown*
